Matthew Righetti (Cal. State Bar No. 121012)
Righetti • Glugoski, P.C.
Presidio of San Francisco
220 Halleck Street, Suite 220
San Francisco, CA 94129
Telephone: (415) 983-0900
Facsimile: (415) 397-9005
Email: matt@righettilaw.com

Justin M. Scott (Cal. State Bar No. 302502)
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, GA 30030
Tel.: (678) 780-4880
Fax: (478) 575-2590
Email: jscott@scottemploymentlaw.com

Tracey T. Barbaree (GA Bar No. 036792)*
Beth A. Moeller (GA Bar No. 100158)*
MOELLER BARBAREE LLP
1175 Peachtree Street N.E., Suite 1850
Atlanta, GA 30361
Tel.: (404) 748-9122
Email: tbarbaree@moellerbarbaree.com
Email: bmoeller@moellerbarbaree.com

*Pro hac vice application to be filed

Attorneys for Plaintiffs and the
Putative Collective

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| EDWEENA WASHINGTON and DAPHNE MOLEFE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIRCLE MEDICAL TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. _____<br><br>**COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**<br><br>**DEMAND FOR JURY TRIAL** |

Edweena Washington ("Ms. Washington") and Daphne Molefe ("Ms. Molefe") (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their

attorneys, upon personal knowledge as to themselves and upon information and belief as to other matters, submit the following Complaint against Defendant Circle Medical Technologies, Inc. ("Defendant" or "Circle Medical"), showing the Court as follows:

## **INTRODUCTION**

1. This is a collective action brought by Plaintiffs for unlawful acts committed by Defendant against Plaintiffs and those similarly situated. Plaintiffs bring this action for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), to obtain full and complete relief for Defendant's failure to pay Plaintiffs and all others similarly situated for all hours worked and for overtime wages as required by the FLSA.

2. Plaintiffs currently work for Defendant as non-exempt employees misclassified by Defendant as independent contractors. Defendant provides telemedicine and in-person medical services in the United States, including the State of California, and Canada. Plaintiffs and all those similarly situated work remotely and/or in Defendant's in-person provider locations across the United States.

3. Defendant employed Plaintiffs and all those similarly situated during the relevant time frame in administrative customer support, prescription, billing, and patient advocate/care/coordinator roles, utilizing different job titles (including, but not limited to PCC I, PCC II, Patient Care Advocate, Patient Care Coordinator, RX Patient Care Advocate/Coordinator, Pharmacy Support Specialist, and Billing Support Advocate/Coordinator) for such positions, any and all of which are collectively referred to herein as "Patient Coordinators." In these Patient Coordinator positions, Plaintiffs and all those similarly situated provide administrative support services that are integral to Defendant's telemedicine and/or in-person patient care services. Defendant required Plaintiffs and other similarly situated Patient Coordinators to sign independent contractor agreements, which contain a California choice of law provision. Defendant unlawfully classified Plaintiffs and other similarly situated Patient Coordinators as independent contractors to avoid its obligations to properly pay for overtime, and to reap the benefits of such illegal classification, such as reducing its tax liability and avoiding required workers compensation coverage.

4. Defendant paid Plaintiffs and other similarly situated Patient Coordinators on an hourly basis and at the same hourly rate for all recorded hours worked. Defendant further did not permit Plaintiffs and other similarly situated Patient Coordinators to record all time worked and did not maintain records of all time worked for Plaintiffs and other similarly situated Patient Coordinators. In order to fully perform their job duties, Plaintiffs and other similarly situated Patient Coordinators regularly work in excess of forty (40) hours per workweek, but Defendant does not compensate them at the overtime rate for all hours worked in excess of forty (40) hours per workweek.

5. Accordingly, Plaintiffs bring this action, pursuant to 29 U.S.C. § 216(b), on behalf of a collective of persons who are and were employed by Defendant as Patient Coordinators (as described above and inclusive of the identified and any other similar job titles), during the past three (3) years through the final date of the disposition of this action who were misclassified as independent contractors and were not paid the statutorily required rate of one-and-one-half (1½) times their hourly rate for all hours worked in excess of forty (40) per workweek and who are entitled to recover: (i) unpaid and incorrectly paid wages for all hours worked in a workweek, as required by law, (ii) unpaid overtime, (iii) liquidated damages, (iv) interest, and (v) attorneys' fees and costs, pursuant to the FLSA and such other and further relief as this Court finds necessary and proper. On information and belief, the collective number of Patient Coordinators exceeds 100.

**JURISDICTION, VENUE AND DIVISIONAL ASSIGNMENT**

6. This Court has original subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331.

7. Venue is proper under 28 U.S.C. § 1391(b) and (c), as a substantial part of the events and omissions giving rise to the claims occurred in this District and Division.

**PARTIES**

8. Ms. Washington resides in Smyrna, Georgia and submits to the personal jurisdiction of this Court.

9. Ms. Molefe resides in Newport News, Virginia and submits to the personal jurisdiction of this Court.

10. At all relevant times, in order to perform their job duties for Defendant, Plaintiffs and others similarly situated were required to regularly use the internet and telephone to communicate with Defendant's employees and patients seeking treatment from or treated by Defendant's medical providers and were engaged in interstate commerce.

11. Defendant Circle Medical Technologies, Inc. is a Delaware corporation that at all relevant times has been authorized to conduct business in this District, transacts business within this District, and maintains its principal place of business in San Francisco, California in the county of San Francisco. As such, Defendant is subject to the jurisdiction and venue of this Court and may be served with a copy of this Complaint and process by serving George Favvas, its California registered agent and CEO, at 333 1st St., Suite A, San Francisco, CA 94105.

12. At all times relevant to this action, Defendant was the "employer" of Plaintiffs and all others similarly situated as those terms are defined by 29 U.S.C. § 203(d).

13. The amount of qualifying annual volume of the for-profit business of Defendant exceeds $500,000. Defendant is engaged in interstate commerce. At all relevant times, Defendant had two or more employees engaged in commerce, as defined by 29 U.S.C. § 203(s)(1)(A). Defendant advertises on the internet, processes credit cards from out-of-state patients, and communicates via mail, text, and telephone with patients, pharmacies, and medical providers in and outside the State of California. For each and all of these reasons, Defendant is subject to the FLSA's requirements.

14. Plaintiffs and all others similarly situated Patient Coordinators worked for Defendant within the three years preceding the filing of this action and are individuals who a) signed independent contractor agreements with Defendant, b) provided customer support, prescription, billing, and/or patient advocate/communication/care services in Patient Coordinator roles for Defendant by phone, chat, and/or email from remote work locations; c) worked more than forty (40) hours in a workweek; and d) were paid the same hourly rate for all hours of work performed in a workweek and were not paid overtime compensation for all hours worked over forty (40) in a workweek.

15. Plaintiffs consent in writing to being parties to this action pursuant to 29 U.S.C. §216(b) per the Consent to Join forms attached as Exhibit 1.

**FACTUAL ALLEGATIONS**

16. Ms. Washington applied for a position with Defendant by responding to an internet advertisement. After a virtual video-based interview, Ms. Washington was hired by Defendant, advised that she was required to sign an independent contractor agreement and has been working for Defendant since April 2022. Ms. Washington was informed that her duties "will include but not be limited to tasks pertaining to the patient experience and as directed by the Company's business needs, including, but not limited to, working evening and weekend hours for a minimum of 40 hours per week." During her eleven months of employment, Defendant has made clear to Ms. Washington that her status as an "independent contractor" will not change.

17. Ms. Washington is paid on an hourly basis at the rate of $20.00 per hour, receives this same hourly rate of pay for all hours worked, including hours over forty in a workweek, and has no opportunities for profit or loss in the employment relationship. She works more than forty hours per week in most workweeks. For example, during the two-week pay period ending February 2, 2023, Ms. Washington was paid for 85.62 hours of work at the $20.00 per hour rate for all of those hours, instead of being paid at the overtime pay rate for the overtime hours worked. During those same workweeks Ms. Washington also was unable to record time worked off the clock, including, for example, daily time spent logging in to Defendant's software systems as required before she can clock in, and time worked during meal breaks for which she is required to clock out.

18. Ms. Molefe applied for a position with Defendant by responding to an internet advertisement. After a virtual video-based interview, Ms. Molefe was hired by Defendant, advised that she was required to sign an independent contractor agreement and has been working for Defendant since May 2022. Ms. Molefe was informed that her duties "will include but not be limited to tasks pertaining to the patient experience and as directed by the Company's business needs, including, but not limited to, working evening and weekend hours for a minimum of 40 hours per week." During her ten months of employment, Defendant has made clear to Ms. Molefe that her status as an "independent contractor" will not change.

19. Ms. Molefe is paid on an hourly basis at the rate of $20.00 per hour, receives this same hourly rate of pay for all hours worked, including hours over forty in a workweek, and has no opportunities for profit or loss in the employment relationship. She works more than forty hours per week in most workweeks. For example, during the two-week pay period ending January 19, 2023, Ms. Molefe worked 88.35 hours and was paid at the rate of $20.00 per hour for all of those hours, instead of being paid at the overtime pay rate for the overtime hours worked. During those same workweeks Ms. Washington was also unable to record time worked off the clock, including, for example, time spent logging in to Defendant's software systems required before she can clock in and time worked during meal breaks for which she is required to clock out.

20. On information and belief, other similarly situated Patient Coordinators were also hired to work for Defendant via internet-based applications and interviews, required to sign independent contractor agreements, work more than forty hours a week in most workweeks, are unable to record time worked off the clock, and are/were paid the same hourly rate for all hours worked, including hours over forty (40) in a workweek during the relevant time period. On information and belief, Defendant also employs others in Patient Coordinator roles to perform the same work as Plaintiffs and others similarly situated who are classified as W-2 non-exempt employees.

21. Defendant misclassified Plaintiffs and other similarly situated Patient Coordinators as independent contractors although they are non-exempt employees within the meaning of the FLSA in order to avoid required compliance with the FLSA and related laws.

22. At all relevant times Defendant exercises control over Plaintiffs and each of the similarly situated Patient Coordinators, had knowledge of their hours worked, and/or suffered and permitted them to work for Defendant.

23. Plaintiffs and other similarly situated Patient Coordinators are not free from Defendant's control in the performance of their work. For example, Defendant requires Plaintiffs and each of the similarly situated Patient Coordinators to work set schedules, make requests for time off that are approved or rejected by their supervisors, meet daily production standards and quotas, participate in daily or weekly "huddles" with management and other employees to discuss

Defendant's requirements, report to supervisors, and have regularly scheduled performance discussions and evaluations with Defendant's supervisors. Defendant controls the manner in which Plaintiffs and other Patient Coordinators perform all of their work.

24. Plaintiffs and other similarly situated Patient Coordinators are required to download and utilize Defendant's software systems, are subject to monitoring and tracking by Defendant that measures metrics such as their average call numbers and is visible to teams and supervisors, are subject to quality assurance evaluations that provide correction and feedback, receive reminders throughout their shifts of performance goals and requirements, must meet minimum weekly averages, are required to participate in frequent training sessions, must strictly comply with Defendant's instructions and processes including scripts that dictate responses to be used during communications, receive directions via Slack regarding changes in procedures, and regularly have one-on-one meetings with their supervisors regarding performance and identifying areas of performance improvement needed. Defendant uses the software metrics and tracking to have verbal counseling sessions with Patient Coordinators and warns them that failure to meet Defendant's performance metrics may be grounds for "termination" of their "contracts."

25. Plaintiffs and others similarly situated do not perform work that is outside the usual course of Defendant's business. Plaintiffs and other similarly situated Patient Coordinators performed the same or materially similar work as Defendant's employees who were not required to sign independent contractor agreements and were held to the same conditions, standards, policies, and workflow requirements as Defendant's employees. Plaintiffs and other similarly situated Patient Coordinators were required to download and utilize Defendant's software for their daily work and were provided "Employee ID" numbers to use when accessing Defendant's HR-related and business software programs.

26. Plaintiffs and others similarly situated are not customarily engaged in an independently established trade, occupation or business of the same nature as the work performed for defendant.

27. Plaintiffs and other similarly situated Patient Coordinators were required to complete pre- and post-shift work and work during meal periods off-the-clock. Defendant also requires

Plaintiffs and other similarly situated Patient Coordinators to clock out for a 30-minute meal period regardless of whether work was required during that period or less than thirty minutes of non-work time were provided.

28. At all relevant times, Defendant failed to maintain accurate records of Plaintiffs' and other similarly situated Patient Coordinators' actual work hours in violation of the FLSA's recordkeeping requirements.

29. During the applicable FLSA statutory periods, Plaintiffs and other similarly situated Patient Coordinators routinely worked in excess of forty (40) hours in a workweek without receiving overtime compensation for overtime hours worked.

30. Defendant knew or should have known that Plaintiffs and other similarly situated Patient Coordinators were misclassified as independent contractors and were not properly paid for all hours worked and/or overtime hours worked within the meaning of the FLSA. As such, Defendant willfully engaged in a pattern of violating the FLSA as described in this Collective Action Complaint in multiple ways, including, but not limited to misclassification, failing to pay at least the minimum wage for all hours worked in some workweeks, and failing to pay overtime compensation, and Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255.

31. As a result of Defendant's unlawful conduct, Plaintiffs and other similarly situated Patient Coordinators have been deprived of wages earned and suffered damages in an amount to be determined at trial and are entitled to recover such amounts, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs.

32. At all relevant times, Plaintiffs and similarly situated Patient Coordinators were misclassified as independent contractors instead of being properly paid as non-exempt employees, had substantially similar job duties, and were subject to Defendant's decision, policy, plan, programs, practices, procedures, protocols, and rules of knowingly and purposefully refusing to pay them overtime (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

33. At all relevant times, Plaintiffs and similarly situated Patient Coordinators consistently worked more than 40 hours in a week, performed work for Defendant off the clock, and were not paid at overtime rates for all hours worked over forty (40) in a workweek. As such, there are questions of law or fact common to Plaintiffs and similarly situated Patient Coordinators, Plaintiffs will fairly and adequately protect the interests of similarly situated Patient Coordinators, and a collective action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Without judicial resolution of the claims asserted on behalf of the proposed collective group, Defendant's continued violations of the FLSA will undoubtedly continue. Members of the collective group of similarly situated Patient Coordinators are readily ascertainable. For purposes of notice and other purposes in this action, their names and contact information are available from Defendant, and notice can be provided to each via electronic mail to personal and/or work email addresses on file, via text message, and/or U.S. Mail.

35. At all relevant times, Plaintiffs and similarly situated Patient Coordinators were misclassified as independent contractors by Defendant for the purpose of knowingly and purposefully refusing to pay them overtime (i.e., time and one-half their regular hourly rates of pay) for all hours worked over 40 in a week.

## COUNT ONE – FAILURE TO PAY OVERTIME COMPENSATION

36. At all relevant times, Plaintiffs and similarly situated Patient Coordinators were employed by Defendant, regularly and/or consistently worked more than 40 hours in a workweek, and further performed work off the clock.

37. At all relevant times, Plaintiffs and similarly situated Patient Coordinators were not paid overtime for all hours worked over 40 in a week or for time worked off the clock. Defendant knew and/or suffered and permitted Plaintiffs and similarly situated Patient Coordinators to work in excess of forty (40) hours in a workweek and knew Plaintiffs and other similarly situated Patient Coordinators were not being paid overtime compensation required by the FLSA.

38.     Defendant willfully disregarded its obligations under the FLSA and further failed to maintain accurate time records of all hours worked by Plaintiffs and similarly situated Patient Coordinators in violation of the FLSA's recordkeeping requirements.

39.     As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and similarly situated Patient Coordinators suffered loss of income and other damages and are entitled to recover back wages, liquidated damages in an equal amount, attorneys' fees and costs, and such other legal and equitable relief as the Court deems proper.

## **PRAYER FOR RELIEF**

Plaintiffs, on behalf of themselves and similarly situated Patient Coordinators employed by Defendant, demand judgment against Defendant as follows:

A.  Certification of this action as a collective action under the FLSA, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated persons of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B.  Designation of Plaintiffs as the Representatives of the FLSA Collective;

C.  A judgment in favor of the Plaintiffs and all other similarly situated Patient Coordinators for unpaid wages, liquidated damages, pre- and post-judgment interest on unpaid wages, and reasonable attorneys' fees and costs pursuant to the FLSA;

D.  Judgment against Defendant that Defendant's violations of the FLSA were willful; and

E.  Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

1  Respectfully submitted, this 27th day of March 2023.

/s/ *Justin M. Scott*
Justin M. Scott (Cal. State Bar No. 302502)
Scott Employment Law, P.C.
160 Clairemont Avenue, Suite 610
Decatur, GA 30030
Tel: (678) 780-4880
Fax: (478) 575-2590
Email: jscott@scottemploymentlaw.com

Matthew Righetti (Cal. State Bar No. 121012)
Righetti • Glugoski, P.C.
Presidio of San Francisco
220 Halleck Street, Suite 220
San Francisco, CA 94129
Telephone: (415) 983-0900
Facsimile: (415) 397-9005
Email: matt@righettilaw.com

Tracey T. Barbaree (GA Bar No. 036792)*
Beth A. Moeller (GA Bar No. 100158)*
MOELLER BARBAREE LLP
1175 Peachtree Street N.E., Suite 1850
Atlanta, GA 30361
Tel.: (404) 748-9122
Email: tbarbaree@moellerbarbaree.com
Email: bmoeller@moellerbarbaree.com

**Pro hac vice* application to be filed

Attorney for Plaintiffs and the Putative Collective