UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWEENA WASHINGTON and DAPHNE MOLEFE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CIRCLE MEDICAL TECHNOLOGIES, INC.,<br><br>Defendant. | Case No. 3:23-cv-01420 - LB<br><br>[~~PROPOSED~~] ORDER APPROVING FLSA COLLECTIVE ACTION SETTLEMENT<br><br>Date:  December 7, 2023<br>Time:  9:30 a.m.<br>Courtroom: B; Videoconference only<br>Judge: Hon. Laurel Beeler |

On December 7, 2023, a hearing was held on Plaintiffs' Motion for Approval of FLSA Collective Action Settlement. Justin M. Scott of Radford Scott LLP, Tracey Barbaree and Beth Moeller of Moeller Barbaree LLP, and Matthew Righetti of Righetti Glugoski, P.C., appeared for Plaintiffs. Seth Neulight of Nixon Peabody LLP appeared for Defendant.

Having considered the papers on the motion, the arguments of counsel, and the law, the Court now enters this Settlement Approval Order and FINDS, CONCLUDES, and ORDERS as follows:[1]

I.   NATURE OF ACTION

Plaintiffs allege that Defendant violated the FLSA by misclassifying them as independent contractors and failing to pay them and other Collective Members for all hours worked, including overtime hours. Defendant denies the allegations in the Complaint and denies that any Plaintiff or Collective Member is entitled to recovery. Defendant denies that this action may be properly maintained as a collective action under the FLSA. Both parties have agreed that the litigation risks weigh in favor of settlement.

---

[1] Except as otherwise specified herein, for purposes of this Settlement Approval Order, the Court adopts all defined terms as set forth in the Settlement Agreement.

## II. JURISDICTION

This Court has jurisdiction over the subject matter of this litigation and all federal claims raised in this action and/or released in the Settlement, and personal jurisdiction over Defendant and all Collective Members. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 216(b) (the Fair Labor Standards Act or "FLSA"); 28 U.S.C. § 1337 (actions arising under Acts of Congress regulating commerce).

This Court also has jurisdiction to approve the Settlement's release of claims by Collective Members. *See Cottle v. Plaid Inc.*, 340 F.R.D. 356, 380 (N.D. Cal. 2021) (the "Ninth Circuit allows federal courts to release not only those claims alleged in the complaint, but also claims based on the identical factual predicate as that underlying the claims in the settled class action") (internal quotation marks omitted); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (stating that Ninth Circuit courts can release claims beyond those in the complaint, including those "based on the identical factual predicate as that underlying the claims" and "factually related claims against parties not named as defendants").

## III. CERTIFICATION AS A COLLECTIVE ACTION FOR SETTLEMENT

The Court certifies this case as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA for purposes of the Settlement. To the extent a similarly situated showing is required for FLSA settlement certification, the parties have satisfied their burden of showing that the putative members of the collective action are alike in ways that matter to the disposition of their FLSA claims,' as they held similar jobs with similar functions and were uniformly subject to [Defendant's] compensation policies that led to the alleged FLSA violations here, presenting 'similar issue[s] of law or fact material to the disposition of their FLSA claims.'" *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110–17 (9th Cir. 2018). The Collective is certified as to all persons classified as independent contractors for Defendant in administrative customer support, prescription, billing, and patient advocate/care/coordinator roles, utilizing different job titles (including, but not limited to PCC I, PCC II, Patient Care Advocate, Patient Care Coordinator, RX Patient Care

Advocate/Coordinator, Pharmacy Support Specialist, and Billing Support Advocate/Coordinator) from March 27, 2020, through the date of this Order.

### IV.   APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the Gross Settlement Amount of $360,000.00, plus Defendant's share or required taxes on wage payments to Participating Collective Members, the plan of allocation, and the release of claims. The Court has also reviewed and considered Plaintiffs' Motion for Collective Action Settlement Approval and its supporting memoranda and evidence, including the declarations of Justin M. Scott, Tracey T. Barbaree and Matthew Righetti in support of Settlement Approval. Based on review of those papers, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties, conducted under the supervision of an experienced, independent mediator, after Collective Counsel had adequately investigated Plaintiffs' and the Collective Members' claims and become familiar with their strengths and weaknesses. The framework used for the settlement process confirms that the Settlement is non-collusive.

The Court finds and determines that the payments to be made to the Participating Collective Members as provided for in the Settlement are fair and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted.

The Settlement is not a concession or admission and shall not be used or construed against Defendant as an admission or indication with respect to any claim of any fault or omission by Defendant.

### V.   APPROVAL OF THE NOTICE PROCESS

Plaintiffs have also submitted for this Court's approval a proposed Notice of Settlement and Claim Form (submitted as Exhibits A and B to the Settlement Agreement).

The Notice is the best notice practicable under the circumstances. The Notice fairly, plainly, accurately, and reasonably informs Collective Members of (1) appropriate information about the nature of this action, the identities of the Collective Members, the definitions of the relevant job title

and time period, the identity of Collective Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about the amounts being allocated to Plaintiffs as Collective Representative Service Payments and to Collective Counsel as attorneys' fees and costs; and (3) appropriate instructions as to how to obtain additional information regarding this action and the Settlement.

The proposed plan for distributing the Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Notice to all Collective Members by email and first-class mail to their last known addresses. Collective Members will have the opportunity to join the case by mailing a completed Consent to Join Form or by electronically completing a Consent to Join Form. There is no additional method of distribution that would be reasonably likely to notify Collective Members who may not receive notice pursuant to the proposed distribution plan. In addition, the Settlement Administrator will take reasonable steps to locate Collective Members whose notice packets are returned.

The Settlement Administrator shall post a copy of this Order and the Settlement Agreement on the website referred to in the Notice.

Accordingly, the Court finds and concludes that the proposed plan for distributing the Notice will provide the best notice practicable and satisfies all legal and due process requirements.

**VI.    PLAINTIFFS' AND COLLECTIVE MEMBERS' RELEASE OF CLAIMS**

The Court has reviewed the release in the Settlement and finds it to be fair, reasonable, and enforceable under the FLSA and all other applicable law. Only Plaintiffs and the Participating Collective Members will be bound by the release of claims as set forth in the Settlement.

**VII.    APPOINTMENT OF SETTLEMENT ADMINISTRATOR**

CPT Group is hereby appointed Settlement Administrator to carry out the duties set forth in this Approval Order and the Settlement.

## VIII. SERVICE PAYMENTS TO THE NAMED PLAINTIFFS

The Court approves the Collective Representative Service Payments to Plaintiff Washington and Plaintiff Molefe as set forth under the Settlement. The Court finds and determines that the awards of $5,000 each are fair and reasonable. The Plaintiffs have taken significant actions to protect the interests of the Collective Members, and the Collective Members have benefited considerably from those actions. Furthermore, the Plaintiffs have expended considerable time and effort in pursuing the litigation. Collective Counsel attests that Plaintiffs were substantially involved throughout the litigation, educating Collective Counsel on Collective Members' job duties and Defendant's pay practices and procedures. Plaintiffs provided information regarding their work experiences with Defendant, which contributed to the Settlement. Plaintiffs also participated in a full-day mediation of the case.

## IX. COLLECTIVE COUNSEL'S AWARD OF FEES AND COSTS

The Court finds and determines that the payment of $120,000 in attorneys' fees and $1,227.75 in litigation costs and expenses, for a total payment of $121,227.75 to Collective Counsel, is fair and reasonable, particularly in light of Collective Counsel's reported lodestar of at least $135,079.50. *See, e.g., Kerzich v. Cnty. of Tuolumne*, 335 F. Supp. 3d 1179, 1185 (E.D. Cal. 2018); *Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 981-984 (E.D. Cal. 2012); *Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1143-1147 (N.D. Cal. 2016).

## X. ENFORCEMENT OF OBLIGATIONS

Nothing in this Settlement Approval Order will preclude any action to enforce the parties' obligations under the Settlement or under this order, including the requirement that Defendant makes the Settlement Payments in accordance with the terms of the Settlement.

## XI. ORDER VACATED IF SETTLEMENT IS REVERSED OR MATERIALLY MODIFIED

If, for any reason, the Settlement is reversed or materially modified on appeal, this Settlement Approval Order will be vacated; the parties will return to their respective positions in

this action as those positions existed immediately before the parties executed the Settlement; and nothing stated in the Settlement or any other papers filed with this Court in connection with the Settlement will be deemed an admission of any kind by any of the parties or used as evidence against, or over the objection of, any of the parties for any purpose in this action or in any other action.

### XII. FINAL JUDGMENT

By means of this Settlement Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Procedure 58(a)(1). The parties are hereby ordered to comply with the terms of the Settlement.

### XIII. CONTINUING JURISDICTION

Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement.

### XIV. SETTLEMENT APPROVAL

Based on all of these findings and the applicable legal standards, the Court concludes that the proposed Settlement meets the criteria for settlement approval and Orders the parties to distribute the payments required under the Settlement.

IT IS SO ORDERED.

Dated: December 14, 2023.

_____
The Honorable Laurel Beeler
U.S. Magistrate Judge